UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN THOMAS MORALES,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:20-CV-04112-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Movant, Justin Thomas Morales, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The United States moved to dismiss Morales's petition for failure to state a claim. Docket 22. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order. On March 8, 2021, Magistrate Judge Duffy submitted her report and recommended granting the government's motion to dismiss in its entirety. Docket 25. Morales timely filed objections to the report and recommendation. Docket 28.

**FACTUAL BACKGROUND**

A full factual background was provided by the magistrate judge in her report and recommendation. Docket 25 at 2-6. Thus, the court will only give a simple explanation and points to the magistrate judge's report and recommendation for the full background.

In his § 2255 motion, Morales contends his defense counsel was ineffective by failing to make a *Mathis*[1] type objection to a prior conviction under Kansas state law that was used as a basis for an enhanced sentence under 21 U.S.C. § 851. *See* Docket 1 at 4; Docket 2 at 5-10. Morales argued that under the categorical approach his prior Kansas state conviction did not fit the definition of a "felony drug offense." Docket 2 at 5-10. Morales claimed he was prejudiced by defense counsel's failure to make a *Mathis* type objection because he was subjected to a mandatory minimum term of twenty (20) years imprisonment rather than ten (10) years. *Id.* at 13. The United States moved to dismiss the § 2255 motion without a hearing arguing that Morales failed to show his defense counsel's performance was deficient and, even if deficient, he did not show prejudice under the two-pronged *Strickland*[2] test for ineffective assistance of counsel. Docket 22; Docket 23 at 4-8.

In her report and recommendation, Magistrate Judge Duffy thoroughly explained how the categorical approach, as reaffirmed in *Mathis*, applied to reviewing a prior conviction for a "felony drug offense" that is used for a sentencing enhancement under 21 U.S.C. § 851. Docket 25 at 12-21. The magistrate judge noted that Morales's argument against his Kansas conviction was "far from frivolous," but concluded that Morales could not establish prejudice under that prong of the *Strickland* test. *Id.* at 21-24. In summary, Magistrate Judge Duffy explained that regardless of the § 851 enhancement

---

[1] *Mathis v. United States*, 136 S. Ct. 2243 (2016).
[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

2

subjecting Morales to a 20-year mandatory minimum sentence, Morales faced a USSG Guideline range of life imprisonment as calculated in the presentence investigation report (PSR). *Id.* 22-24. Because the 360-month sentence imposed by the court significantly exceeded the 240-month statutory mandatory minimum sentence yet was less than the guideline range of life imprisonment, the magistrate judge concluded Morales had not demonstrated prejudice. *Id.* at 22-23.

In his objection to the recommended decision, Morales argues he had a due process right not to stand "before the Court as a recidivist Section 851 Drug Trafficker if the law did not impose that label upon him." Docket 28 at 4. Morales also argues the doubling of the applicable mandatory minimum sentence was inherently prejudicial to him. Docket 24 at 5.

## REVIEW OF REPORT AND RECOMMENDATION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting a de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

The court reviewed this matter de novo and also reviewed many records from Morales's underlying criminal case, *United States v. Morales*, 4:16-CR-

3

40124-01-KES (D.S.D.) (CR Docket). Based on its comprehensive review, the court concludes Morales's objections regarding alleged prejudice to him are without merit. A few facts are worth repeating.

First, the presentence investigation report calculated Morales's offense level as 46 based on his relevant conduct; however, the maximum offense level allowed by the guidelines is 43. *See* CR Docket 223 ¶¶ 30, 33; CR Docket 246 ¶¶ 30, 33. Second, regardless of the challenge to the conviction used for the § 851 enhancement, Morales's sentencing guideline range was life imprisonment. CR Docket 223 ¶¶ 91-92; CR Docket 246 ¶¶ 91-92. At an offense level 43, the guideline range is life imprisonment *regardless* of the defendant's criminal history category. *See* United States Sentencing Comm'n, *Guidelines Manual—Sentencing Table*, (Nov. 2016) *available at* https://www.ussc.gov/guidelines/2016-guidelines-manual (last visited May 13, 2021). Consequently, the § 851 enhancement was immaterial in the overall guideline profile Morales's case presented for sentencing. Third, and finally, Morales's Kansas state conviction was *actually* used as a basis for granting him a downward variance from life imprisonment to 360 months.[3] *See* CR Docket 275 at 4; CR Docket 256 at 134-35.

---

[3] Morales's Kansas state conviction at issue here was a felony at the time he was convicted, but was later reduced to a misdemeanor. *See* CR Docket 266 at 17-19, 22-23.

After reviewing this matter in full, the court agrees with the magistrate judge's recommended decision. In his § 2255 motion, Morales has not raised a plausible claim of prejudice under the *Strickland* two-prong test. Even if defense counsel had erred by not raising a *Mathis* type objection to the Kansas state conviction, this is one of those cases where Morales's sentencing profile would barely have been altered before the court, and there is no reasonable probability that the result would have changed. *See Porter v. McCollum*, 558 U.S. 30, 41 (2009) (quoting *Strickland*, 466 U.S. at 700).

Based on a full de novo review, the court concludes it has been conclusively shown that Morales is entitled to no relief. Consequently, no hearing is required.

## CONCLUSION

The court accepts the findings and recommendations of Magistrate Judge Duffy in full. Therefore, it is

ORDERED that the report and recommendation of the magistrate judge (Docket 25) is adopted in full and the motion to dismiss (Docket 22) is granted.

IT IS FURTHER ORDERED that Morales's objection to the report and recommendation (Docket 28) is denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Morales has made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issue raised in his claim differently, or that a question raised by his claim deserves additional proceedings. Thus, a certificate of appealability is issued.

Dated May 18, 2021.

                                                  BY THE COURT:

                                                  */s/ Karen E. Schreier*
                                                  KAREN E. SCHREIER
                                                  UNITED STATES DISTRICT JUDGE