UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN THOMAS MORALES,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:20-CV-04112-KES<br><br>ORDER REJECTING IN PART AND ADOPTING IN PART REPORT AND RECOMMENDATION |

This matter is before the court on remand following an appeal to the Eighth Circuit. Docket 39. Movant, Justin Thomas Morales, moves this court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1; Docket 48.[1] The United States moved to dismiss Morales's petition for failure to state a claim, Docket 22, and now opposes Morales's renewed motion, Docket 52; Docket 55. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). On November 16, 2023, the magistrate judge submitted her report and recommended that Morales's renewed and original motions to vacate, correct, or set aside his sentence be denied. Docket 61 at 46. The government and Morales timely filed objections to the report and recommendation. Docket 66; Docket 67.

---

[1] The court will cite to documents from Morales's § 2255 motion using the case's assigned docket number. Documents from Morales's underlying criminal case, *United States v. Morales*, 4:16-cr-40124-KES (D.S.D.), will be cited using the case's assigned docket number preceded by "CR."

## FACTUAL BACKGROUND

A full factual background was provided by the magistrate judge in her prior report and recommendation. Docket 25 at 2-6; Docket 61 at 1-5. Because neither party objects to the facts, the court will only give a simple explanation and points to the magistrate judge's report and recommendation for the full background.

Morales was convicted of conspiracy to distribute methamphetamine in 2018. CR Docket 186. The government sought a sentencing enhancement under 21 U.S.C. § 851(a) because Morales had a 2003 felony drug conviction in Kansas. CR Docket 128; CR Docket 236. On May 18, 2018, the district court applied the enhancement and sentenced Morales to 30 years in prison followed by 10 years of supervised release. CR Docket 245.

Morales filed a § 2255 motion to vacate, set aside, or correct his sentence. Docket 1. Morales asserted that his trial counsel was constitutionally ineffective because she failed to argue that his Kansas conviction was not a predicate "felony drug offense" under 21 U.S.C. §§ 841(b)(1)(A) and 851(a) after the Supreme Court's holding in *Mathis v. United States*, 579 U.S. 500 (2016). Docket 2 at 5. The district court ultimately dismissed Morales's petition because it concluded he had failed to show prejudice. Docket 29 at 5. The court declined to reach the issue of whether Morales's counsel provided ineffective assistance. *Id.* On appeal, the Eighth Circuit disagreed and held that Morales may have been prejudiced "at least on the supervised release part of his sentence." *Morales v. United States*, 2023 WL 2608009, at *2 (8th Cir. Mar.

2

23, 2023). The Eighth Circuit remanded the case "for further consideration, including the threshold determination of whether counsel was deficient." *Id.*

In his renewed § 2255 motion, Morales raises the same argument that his defense counsel was ineffective by failing to make a *Mathis*-type objection to his prior Kansas conviction being used as the basis for an enhanced sentence under § 851(a). *See* Docket 48 at 1-2; Docket 49 at 20-21. Morales argues that under the categorical approach, his prior Kansas state conviction under Kansas Statutes Annotated § 65-4162 does not fit the definition of a "felony drug offense" because Kansas's drug schedule is broader than the federal Controlled Substances Act (CSA). Docket 49 at 8-20. Morales claims he was prejudiced by defense counsel's failure to make a *Mathis*-type objection because he was subjected to a mandatory minimum term of twenty years imprisonment rather than ten years and a mandatory minimum of ten years of supervised release rather than five years. *Id.* at 21-22. The United States argues that Morales's counsel was not ineffective because raising a *Mathis*-type objection in the context of a § 851(a) enhancement was a novel argument at the time of Morales's sentencing. Docket 52 at 6-12. The government further argues that even if Morales's defense counsel's performance was deficient, Morales cannot show prejudice under the two-pronged *Strickland* test for ineffective assistance of counsel. *Id.* at 14-15.

In the report and recommendation, the magistrate judge reasoned that to show ineffective assistance, Morales would need to show an Eighth Circuit or Supreme Court opinion published before his sentencing that "appl[ied] the

categorical approach to the federal drug recidivist statute and conclud[ed] that state court convictions under state statutory schemes that criminalize drug conduct not criminalized under federal law do not qualify as 'felony drug offense[s]' for purposes of §§ 851(a) and 841(b)(1)(A)." Docket 61 at 30. The magistrate judge reasoned that *United States v. Brown*, 598 F.3d 1013 (8th Cir. 2010), fulfilled this requirement and made the issue non-novel at the time of Morales's sentencing. *Id.* at 21-30. In applying the categorical approach to Morales's case, the magistrate judge concluded that while § 65-4162 was overbroad, the statute was divisible. *Id.* at 32-43. Thus, applying the modified categorical approach to § 65-4162, the magistrate judge concluded that Morales's Kansas conviction qualified as a "felony drug offense." *Id.* at 43. As such, the magistrate judge reasoned that Morales's defense counsel was not ineffective because had counsel raised an objection under the categorical approach, the sentencing court would still have applied the enhancement. *Id.* The magistrate judge ultimately recommended that Morales's original and renewed § 2255 motions should be denied. *Id.* at 46.

## LEGAL STANDARD

### I.    Standard of Review

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting a de novo review, the

court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## II.    Ineffective Assistance of Counsel

The right to effective assistance of counsel guaranteed by the Sixth Amendment applies to all critical stages of criminal proceedings, including at sentencing. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the movant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Id.* at 688. "Reasonable performance includes an adequate investigation of the facts, consideration of viable theories, and development of evidence to support those theories." *Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997). To show prejudice from an alleged error at sentencing, the petitioner must show that there is a reasonable probability that he would have received a lesser sentence if counsel had not provided deficient performance. *Lafler*, 566 U.S. at 167-68.

**DISCUSSION**

The government and Morales both filed objections to the magistrate judge's report and recommendation. Docket 66; Docket 67. The government objects to the magistrate judge's conclusion that challenging state convictions under the categorical approach in the § 851(a) context was not a novel

argument at the time of Morales's sentencing. Docket 66 at 5-13. Morales objects to the magistrate judge's conclusion that his prior Kansas conviction qualifies as a "felony drug offense" and the recommendation that his renewed § 2255 motion be denied. Docket 67. The court addresses each objection in turn.

**I.    Government's Objection: The Magistrate Judge Erred in Concluding that Applying the Categorical Approach Prior to May 2018 to Challenge Enhancements under § 851(a) was a Non-Novel Argument**

The government objects to the magistrate judge's conclusion that because of the Eighth Circuit's holding in *Brown*, "[i]t was clear in May 2018 that the categorical approach should be applied any time a prior conviction was relied upon in federal court for applying an enhanced penalty against a defendant." Docket 66 at 5 (internal quotation marks omitted). The government asserts this is a novel issue[2] and that counsel was not deficient in failing to raise it at the time of Morales's sentencing. *Id.* at 4-13. The government argues that the report and recommendation's reliance upon *Brown* is "misplaced" because *Brown* does not clearly establish controlling precedent requiring defense counsel to make a *Mathis* argument in the context of a § 851(a)

---

[2] Morales argues that the government should be precluded from raising the novelty argument because it did not directly raise it in the original § 2255 preceding or on direct appeal. Docket 60 at 2; Docket 67 at 3. The court agrees with the magistrate judge that the novelty argument may be revived on remand because the government previously raised the argument in its initial response to Morales's § 2255 petition. Docket 61 at 6-7. Thus, because a court may consider issues raised before a district or appellate court that remain undecided, *see United States v. Castellanos*, 608 F.3d 1010, 1019 (8th Cir. 2010), the court finds that the novelty argument was properly raised.

enhancement. *Id.* at 6-7. Instead, the government argues that there was not an "established line of controlling cases pre-dating Morales' sentencing in which a court dealt with the sort of drug-schedule mismatch argument that Morales believes his counsel should have made regarding § 851." *Id.* at 6.

When determining whether a statute qualifies as a predicate conviction under certain federal enhancement schemes—including the Controlled Substances Act—the Eighth Circuit has made it clear that the categorical approach should be used. *See United States v. Boleyn*, 929 F.3d 932, 936 (8th Cir. 2019). To assess whether Morales's counsel was constitutionally ineffective for failing to raise this issue, this court must determine whether raising a *Mathis*-type objection in the § 851(a) context was a novel argument in May 2018. *See Basham v. United States*, 811 F.3d 1026, 1029 (8th Cir. 2016) ("Counsel's failure to raise [a] novel argument does not render his performance constitutionally ineffective.") (internal quotation marks omitted). The Eighth Circuit has held that the "failure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's services 'outside the wide range of professionally competent assistance' sufficient to satisfy the Sixth Amendment." *Id.* (quoting *New v. United States*, 652 F.3d 949, 952 (8th Cir. 2011)). "Even in cases where there is a split of authority, the 'complete lack of Eighth Circuit or Supreme Court authority on [a] subject' governs whether counsel's performance falls within the wide range of professionally competent assistance." *Id.* (quoting *Fields v. United States*, 201 F.3d 1025, 1027-28 (8th Cir. 2000)).

7

This court addressed a similar novelty argument about predicate drug offenses in *Sorensen v. United States*, 2021 WL 3733024 (D.S.D. Aug. 24, 2021). There, the § 2255 petitioner argued that his defense counsel was ineffective for failing to argue that his state convictions in Arizona and South Dakota were proper predicate offenses for enhancement purposes under § 851. *Sorensen*, 2021 WL 3733024, at *2. This court held that Sorensen's counsel was not ineffective in failing to raise this issue because at the time of Sorensen's sentencing, there was no "clearly controlling precedent" from the Supreme Court or the Eighth Circuit making this argument a non-novel issue. *Id.* at *4-5 (internal quotation marks omitted). In reaching this conclusion, this court examined the Supreme Court's holdings in *Mathis* and *United States v. Mellouli*, 575 U.S. 798 (2015). *Id.* at *3-4. This court concluded that because neither *Mathis* nor *Mellouli* dealt with § 851(a),[3] neither case constituted "clearly controlling precedent" that would require defense counsel to apply the categorical approach to enhanced drug sentences under § 851(a). *Id.* at *3-6.[4]

---

[3] *Mathis* served as "precedent for individuals charged under the Armed Criminal Career Act." *Sorensen*, 2021 WL 3733024, at *4. *Mellouli* was "an immigration case" that examined "whether a lawful permanent resident who had been convicted under a Kansas state misdemeanor statute of possession of drug paraphernalia was deportable under 8 U.S.C. § 1227(a)(2)(B)(i)." *Id.*

[4] The Eighth Circuit granted Sorensen's application for a certificate of appealability on the sole question of whether he received ineffective assistance based on counsel's failure to argue his prior state convictions did not qualify as "felony drug offenses" for purposes of 21 U.S.C. § 841. *Sorensen v. United States*, Case No. 23-1593 (8th Cir. 2023).

The magistrate judge reasoned that despite this court's holding in *Sorensen*, the Eighth Circuit's holdings in *Brown* and *United States v. Ford*, 888 F.3d 922 (8th Cir. 2018), constituted "clearly controlling precedent" that "rendered defense counsel's failure to raise the categorical argument on Mr. Morales' behalf non-novel." Docket 61 at 30. The magistrate judge noted that this court did not discuss the *Brown* decision in *Sorensen* and that *Ford* was decided after Sorensen's sentencing. *Id.* As such, this court addresses the Eighth Circuit's decisions in both cases.

In *Brown*, the Eighth Circuit considered "whether a prior conviction for delivery of a 'simulated controlled substance' under Iowa law qualifies as a 'felony drug offense' under a recidivism provision of the Controlled Substances Act." *Brown*, 598 F.3d at 1013. The court held that the defendant's Iowa conviction for delivering simulated controlled substances did not qualify as a "felony drug offense" within the meaning of 21 U.S.C. § 802(44). *Id.* at 1018. The Eighth Circuit reasoned that the Iowa conviction was not a "felony drug offense" because § 802(44)'s language of "relating to narcotic drugs" and the statutory history of § 841(a) supported a finding that an enhancement applies only to "state and foreign convictions of the type as those previously covered by federal law." *Id.* at 1017. Thus, because federal law did not criminalize simulated controlled substances, the Iowa statute was overbroad, and the defendant's conviction could not be used as a predicate offense to enhance the defendant's sentence. *Id.* at 1017-1018.

In the *Brown* opinion, the Eighth Circuit did not use the term "categorical approach," but did cite *Taylor v. United States*, 495 U.S. 575 (1990),[5] to reject the government's argument that it should look to the underlying facts of the defendant's conviction to determine if the enhancement should apply. *Id.* at 1017. The Eighth Circuit reasoned that "there is no indication in the text or history of the federal statute that a particular state offense might sometimes count toward the sentencing enhancement and sometimes not, depending on the facts of the case." *Id.* As the dissent in *Brown* made explicit, "[t]o determine whether [Brown's] prior offense[s] qualif[y] as . . . predicate offense[s] for the purpose of a sentence enhancement, federal courts apply the categorical approach." *Id.* at 1019 (Shepherd, J., dissenting) (quoting *United States v. Sonnenberg*, 556 F.3d 667, 669-70 (8th Cir. 2009)) (alterations in original).

In *Ford*, the Eighth Circuit applied the modified categorical approach to determine whether the defendant's Iowa convictions for manufacturing and possessing methamphetamine were predicate offenses under the Armed Career Criminal Act (ACCA). *Ford*, 888 F.3d at 928-29. In reaching its holding that the Iowa statute is categorically broader than the federal statute, the Eighth Circuit

---

[5] As *Mathis* explained, the categorical approach had been the law for at least 25 years, beginning with the decision in *Taylor*. *Mathis*, 579 U.S. at 509 (discussing *Taylor*, 495 U.S. at 601). In *Taylor*, the Supreme Court held that the categorical approach applied to determine if a Missouri conviction could be used to enhance a federal defendant's sentence for unlawful possession of a firearm under 18 U.S.C. § 922(g). *Taylor*, 495 U.S. at 602.

10

cited *Brown*'s holding that "convictions for simulated controlled substances are not predicate offenses." *Id.* at 930.

Here, the government argues that *Brown* and *Ford* do not establish "clearly controlling precedent" because Morales makes a different argument than the one addressed in *Brown*, and *Ford* did not involve § 851(a). Docket 66 at 7, 9. Morales's argument focuses on whether there is a categorical mismatch between the drugs listed on Kansas's controlled substance schedule and the CSA. *See* Docket 49 at 10-15. In comparison, the government asserts that although *Brown* may have applied the categorical approach in the § 851(a) context, Docket 66 at 7, *Brown* framed the issue as whether the defendant's convictions for possession of simulated controlled substances constituted conduct that categorically "relat[ed] to narcotic drugs." *Brown*, 598 F.3d at 1015 (emphasis omitted) (quoting 21 U.S.C. § 802(44)). The government concludes that *Brown* does not help Morales's argument because it failed to require "defense counsel to begin making arguments that state drug schedules might have included isomers or substances—entirely unrelated to a defendant's actual convictions—that were not yet on a contemporaneous federal schedule." *Id.* at 7.

Other district courts in this circuit have not construed *Brown* to constitute "clearly controlling precedent" that required defense counsel to argue for application of the categorical approach to determine whether a state conviction qualifies as a predicate offense for purposes of a sentencing enhancement under § 851(a). *See, e.g., Stewart v. United States*, 552 F. Supp.

11

3d 834, 844 (S.D. Iowa 2021) (reasoning that conflicting law in the Eighth Circuit, including *Brown*, "casts doubt on [the defendant's] argument that counsel's error amounted to a breach in professional duty that fell below an objective standard of reasonableness"); *Modisett v. United States*, 2022 WL 2133667, at *2 (D.N.D. June 14, 2022) (holding that counsel was not ineffective for failing to raise a *Mathis* objection to the defendant's 2003 Minnesota conviction where it "was unclear if the categorical approach even applied to predicate convictions under the CSA" despite citing *Brown*); *United States v. Mayfield*, 2021 WL 826577, at *2 (D. Neb. Mar. 4, 2021) (citing *Brown* for the proposition that "the Eighth Circuit has not applied a categorical approach in determining whether prior offenses meet th[e] definition" of felony drug offense); *Bell v. United States*, 2018 WL 11241066, at *3 (D.N.D. May 1, 2018) (citing *Brown* as holding that "[t]he Eighth Circuit applies the definitional approach[,]" not the categorical approach in assessing whether a state conviction can serve as a "felony drug offense" for enhancement purposes under § 851(a)). In "the absence of a clearly controlling precedent requiring a different course of action, and in light of the substantial deference [the court] afford[s] trial counsel," *Kelly*, 819 F.3d at 1050, this court agrees that *Brown* fails, on its own, to make clear that Morales's categorical mismatch argument was non-novel at the time of Morales's sentencing.

In reviewing *Brown*, *Ford*, *Mathis*, and *Mellouli*, the court concludes—as it did in *Sorensen*—that "[a]lthough case precedent supports that counsel can challenge whether predicate offenses are more broad than the federal

definition, there was not 'clearly controlling' precedent regarding these specific state statutes" that made counsel's performance professionally deficient in May of 2018. *Sorensen*, 2021 WL 3733024, at *4. *Ford*, *Mathis*, and *Mellouli* do not apply the categorical approach in the § 851(a) context, and none of the four cases specifically address Kan. Stat. Ann. § 65-4162. In *Kelly*, the Eighth Circuit held that because it had not previously decided whether a conviction under a specific statute "was further divisible under the modified categorical approach [or] . . . would qualify as a predicate offense for the career-offender enhancement[,]" there was no "clearly controlling precedent requiring" the court to conclude that defendant's counsel was ineffective. *Kelly*, 819 F.3d at 1050-51. Applying *Kelly*'s reasoning here, while the Eighth Circuit had applied the categorical approach to the definition of "felony drug offense," *see Brown*, 598 F.3d at 1017-18, and the Supreme Court had held that Kansas's controlled substance schedules were overbroad under the categorical approach, *Mellouli*, 575 U.S. at 802, because there was no Eighth Circuit or Supreme Court precedent specifically analyzing § 65-4162 under the categorical approach in the context of § 851(a), there was no "clearly controlling precedent" that required Morales's counsel to raise the issue before the sentencing court in May of 2018. *See id.* Thus, the argument was novel at the time of Morales's sentencing, and Morales's counsel was not constitutionally ineffective.

Further, the pre-May 2018 Courts of Appeals opinions cited in the report and recommendation also do not establish "clearly controlling precedent." *See*

13

Docket 61 at 27-28 (providing several out-of-circuit cases). While these cases applied the categorical approach in the context of § 851(a), as the government notes, the cases do not address the categorical mismatch between the list of drugs on Kansas's controlled substance schedule and the CSA. *See, e.g.,* *United States v. Brown*, 500 F.3d 48, 59-60 (1st Cir. 2007) (holding that a New York state conviction for the attempt to possess a controlled substance qualifies as a "felony drug offense" because it is an offense that is "relating to narcotic drugs"); *United States v. Nelson*, 484 F.3d 257, 260-61 (4th Cir. 2007) (holding that a prior conviction under 18 U.S.C. § 924(c)(1) qualified as a "felony drug offense" because the conviction "meets the 'relat[ed] to' requirement of § 802(44)"); *United States v. Curry*, 404 F.3d 316, 319 (5th Cir. 2005) (holding that defendant's prior Louisiana convictions for cocaine distribution and for possessing marijuana were valid predicate offenses under § 851).

The only out-of-circuit case cited in the report and recommendation that does address this categorical mismatch argument is *United States v. Ocampo-Estrada*, 873 F.3d 661 (9th Cir. 2017). *See* Docket 61 at 27. There, the Ninth Circuit applied the modified categorical approach to determine if a California statute criminalizing the possession of certain controlled substances qualified as a "felony drug offense." *Ocampo-Estrada*, 873 F.3d at 667-68. The Ninth Circuit held that the statute was overbroad and divisible, but because there was no indication in the record of what substance the defendant was convicted of possessing, the defendant's California conviction could not be used for

14

enhancement purposes. *Id.* at 667-70. While *Ocampo-Estrada* applies the categorical approach in the context of § 851(a) to assess the categorical mismatch between a state and federal controlled substance schedule, this out-of-circuit case does not constitute "clearly controlling precedent" under *Kelly* to make this argument non-novel in Morales's case.

Because there was no clearly controlling precedent from the Supreme Court or the Eighth Circuit at the time Morales was sentenced, the issue was novel. *See Basham*, 811 F.3d at 1029. Because the issue was novel, Morales's counsel's performance was not deficient. *See id.* Thus, the government's objection regarding the magistrate judge's conclusion that the issue was non-novel at the time of Morales's sentencing is sustained.

## II. Morales's Objection: The Magistrate Judge Erred in Concluding that Morales's Kansas Conviction Qualifies as a "Felony Drug Offense"[6]

After holding that the categorical approach in the § 851(a) context was not novel at the time of Morales's sentencing, the magistrate judge then applied the categorical approach to Morales's case to assess whether Morales's counsel was deficient for failing to raise a meritorious argument. Docket 61 at 30-31. The magistrate judge first held that the Kansas drug schedules were overbroad because the Kansas drug schedules[7] included at least three substances not

---

[6] Despite concluding that Morales's counsel was not ineffective for failing to raise the categorical approach issue at the time of Morales's sentencing, the court addresses the merits of Morales's objection.

[7] The Kansas drug schedules in 2003 were listed in Kan. Stat. Ann. §§ 65-4105 through 65-4111. Docket 61 at 32.

criminalized under the federal controlled drug schedules. *Id.* at 32-33. The

magistrate judge concluded, however, that because Morales's statute of

conviction, Kan. Stat. Ann. § 65-4162(a)[8] is divisible, the modified categorical

approach applied. *Id.* at 42. Under the modified categorical approach, the

magistrate judge determined that Morales's 2003 conviction was for the

possession of marijuana. *Id.* at 43. Because the federal drug schedules also

criminalize the possession of marijuana, Morales's 2003 marijuana conviction

was a "felony drug offense." *Id.* The magistrate judge concluded that Morales's

defense counsel was not ineffective because, had counsel objected to the

government's § 851(a) information based on the categorical approach, the

sentencing court would nevertheless have applied the enhancement. *Id.*

　　　Morales agrees with the magistrate judge's finding that the Kansas drug

schedule statutes were overbroad as compared to the CSA. Docket 67 at 3. But

Morales objects to the magistrate judge's finding that the Kansas statute was

divisible and that Morales's Kansas conviction qualified as a "felony drug

offense" under the modified categorical approach. *Id.*

### A.    The Kansas Statute was Overbroad

　　　The court agrees with the magistrate judge's conclusion that Kan. Stat.

Ann. § 65-4162 was overbroad because the Kansas drug schedules contained

at least three substances not included in the federal definition of "felony drug

---

[8] Morales was convicted under Kan. Stat. Ann. § 65-4162(a) (2003). Docket 61 at 32-33. Section 65-4162(a) makes it a crime to possess any depressant, stimulant, hallucinogenic drug, or any substance otherwise set forth in a separate schedule of controlled substances. Docket 49-2 at 1.

offense." Docket 61 at 32-33. Specifically, Kansas's controlled substance schedule covered butyl nitrite, benzylfentanyl, and thenylfentanyl—all three of which did not appear in the federal controlled substances schedule in 2003. *See* Docket 49 at 10-15 (comparing Kan. Stat. Ann. § 65-4162(a) (2003) with 21 C.F.R. § 1308.01 *et seq.*). Also, as the Supreme Court determined in *Mellouli*, Kansas's drug schedule was overbroad as compared to the federal drug schedule because it "included at least nine substances . . . not defined in § 802." *Mellouli*, 575 U.S. at 808.[9] Thus, under the categorical approach, Morales's 2003 Kansas conviction should not have been used to enhance his federal sentence, *see United States v. Vanoy*, 957 F.3d 865, 867 (8th Cir. 2020), unless § 65-4162 is divisible and the modified categorical approach applies. *See Mathis*, 579 U.S. at 505 (finding that the modified categorical approach applies where a state statute is divisible—where a statute has "multiple alternative elements").

### B.    The Kansas Statute is Divisible

Morales objects to the magistrate judge's conclusion that § 65-4162(a) is divisible. *See* Docket 67. The magistrate judge found that the controlled substance is an element of the offense and that the modified categorical approach is applicable to Morales's case. Docket 61 at 33-43. Morales argues

---

[9] *Mellouli* dealt with the 2010 version of Kansas's drug schedule. *Mellouli*, 575 U.S. at 802. The government does not argue that the 2003 version of Kansas's drug schedule is materially different from the 2010 version examined in *Mellouli. See generally* Docket 52; Docket 55. Additionally, one of the nine substances discussed in *Mellouli*—butyl nitrite—was covered by Kan. Stat. Ann. § 65-4162 in 2003. *See* Docket 49 at 13.

17

that based upon the statute's text, Kansas case law, and Morales's indictment, § 65-4162(a) is indivisible. Docket 67 at 4-10.

To determine if a statute is divisible, courts must determine whether a statute's "listed items are elements or means." *Mathis*, 579 U.S. at 517. "Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *United States v. Maldonado*, 864 F.3d 893, 898 (2017) (quoting *Mathis*, 579 U.S. at 504). In comparison, means "need neither be found by a jury nor admitted by a defendant." *Id.* (internal quotation marks omitted). If the statute lists alternative elements, the statute is divisible, and the modified categorical approach applies. *Mathis*, 579 U.S. at 517. If the statute lists alternative means, the statute is indivisible, and the modified categorical approach does not apply. *Id.* To assess whether a statute lists elements or means, courts should look to the text and structure of the statute and the state's case law. *Id.* at 518. If the statute's text and the state's case law fail to provide a clear answer, courts may turn to "the record of the prior conviction itself." *Id.* at 518.

### 1.   Text of Kan. Stat. Ann. § 65-4162

Section 65-4162(a) sets out a single penalty for possession of "any depressant," "any stimulant," "any hallucinogenic drug," "any substance designated in subsection (g) of Kan. Stat. Ann. 65-4105," or "any anabolic steroid." Kan. Stat. Ann. § 65-4162(a) (2003) ("[A]ny person who violates this subsection is guilty of a class A nonperson misdemeanor."). Morales first argues that this uniform penalty is evidence of the statute's indivisibility.

18

Docket 49 at 16; Docket 67 at 4. The Eighth Circuit has held that where a statute sets forth "different drug types and quantities [that] carry different punishments[,]" the statute is divisible. *Vanoy*, 957 F.3d at 868. Where a statute contains several subsections that set forth the same penalty, however, this structure is not conclusive on the issue of whether the statute is divisible. *United States v. McMillan*, 863 F.3d 1053, 1057-58 (8th Cir. 2017). Because § 65-4162(a) contains several subsections that set forth a uniform penalty, it "does not provide helpful guidance" on the means-or-elements inquiry. *Id.* at 1057.

### 2. Kansas Case Law

Morales next objects to the magistrate judge's conclusion that Kansas case law construes § 65-4162(a) as divisible. Docket 67 at 4-8. In the report and recommendation, the magistrate judge examined several cases that dealt with analogous Kansas statutes in the absence of case law dealing specifically with § 65-4162. Docket 61 at 35-41. Morales argues that the magistrate judge's cited cases are not useful in determining the divisibility of § 65-4162 because none of the cases dealt with that specific statute. Docket 67 at 4-8.

Morales first argues that the decisions in *State v. Thompson*, 200 P.3d 22 (Kan. 2009),[10] *State v. Housworth*, 2017 WL 2834502 (Kan. Ct. App. June 30,

---

[10] In *Thompson*, the Kansas Supreme Court implied that a defendant could be prosecuted for possession of multiple substances under § 65-4160(a). *Thompson*, 200 P.3d at 30 (stating, in dicta, that because the possession of heroin and cocaine would be prompted by separate impulses, "a double jeopardy analysis would end with a determination [that] the conduct was not unitary").

2017) (unpublished), and *State v. Graham*, 2000 WL 36746390 (Kan. Ct. App. July 14, 2000) (per curiam) (unpublished), should not be relied upon because they are "not binding and do not directly address the question at the heart of the divisibility issue—whether the jury must unanimously agree on the particular substance involved in the case." Docket 67 at 4-5. Morales argues that these cases are not instructive because the cases dealt with whether it would "violate double jeopardy or present a multiplicity issue for the defendant to be convicted of multiple counts based on possession of multiple substances." *Id.* at 4.

In *Housworth*, a defendant was charged with simultaneous possession of oxymorphone, morphine, and oxycodone—all "opiates"—under Kan. Stat. Ann. § 21-5705(a). *Housworth*, 2017 WL 2834502, at *14. Similar to § 65-4162(a)'s structure, § 21-5705(a) prohibited possession with intent to distribute "any of the following controlled substances," including opiates, depressants, stimulants, hallucinogens, and anabolic steroids. Kan. Stat. Ann. § 21-5705(a). The court held that if a defendant was charged with violating different subsections under the statute or was charged with different "clearly delineated options within each subsection[,]" then the defendant could be separately convicted for violating each subsection. *Housworth*, 2017 WL 2834502, at *14. The court ultimately concluded that the defendant could be prosecuted separately for each type of opiate he possessed because "[t]he word 'any' generally leads Kansas courts to conclude that a statute provides for multiple

20

units of prosecution in cases involving the possession of multiple prohibited items." *Id.* (citations omitted).

The Kansas Court of Appeals reached a similar conclusion in *Graham*. There, the court held that "[t]he crimes of possession of cocaine, possession of amphetamine, and possession of methamphetamine do not have the same elements. The prosecution must prove the defendant had possession of each specific drug to prove each count." *Graham*, 2000 WL 36746390, at *1. As such, "each drug represents a separate violation of [Kan. Stat. Ann. § 65-4160]." *Id.* at *2.

Morales also argues that this court should not rely upon *State v. Berberich*, 811 P.2d 1192 (Kan. 1991) or *State v. Lundquist*, 55 P.3d 928 (Kan. Ct. App. 2002) because neither case "held that the identity of the substance was an element of the offense." Docket 67 at 6. In both cases, the Kansas courts upheld the use of jury instructions that provided the name of the controlled substance but did not explicitly hold that such specification was necessary to adequately state the elements for possession of a controlled substance. *See Berberich*, 811 P.2d at 1194-95 (approving jury instruction for possession of methamphetamine under Kan. Stat. Ann. § 65-4127(a)(2) where instruction specified controlled substance was methamphetamine); *Lundquist*, 55 P.3d at 931-32 (approving jury instruction for possession of marijuana under Kan. Stat. Ann. § 65-4162(a)(3) where the instruction specified that the jury must find the defendant possessed marijuana). Instead, Morales points to *State v. Stotts*, 2011 WL 6382737 (Kan. Ct. App. Dec. 16, 2011) (unpublished),

21

as evidence of § 65-4162(a)'s indivisibility. Docket 67 at 4. In *Stotts*, the Kansas Court of Appeals rejected a defendant's argument that a jury instruction failing to identify the controlled substance as marijuana was clearly erroneous. *Stotts*, 2011 WL 6382737, at *8-9. The court reasoned that the instruction was generally acceptable because the instruction's language mirrored that of the statute at issue—Kan. Stat. Ann. § 65-4152(a)(2). *Id.* at 9. Additionally, while the court reasoned that "it can't be said that identifying the substance as marijuana was an essential element of the crime[,]" there was no clear error because the prosecutor made clear in his closing argument that the substance at issue was marijuana. *Id.* at 9-10.

Morales also objects to the magistrate judge's reliance on *State v. Rizal*, 445 P.3d 734 (Kan. 2019). Docket 67 at 6. In *Rizal*, the defendant argued that her conviction for possession with the intent to distribute synthetic marijuana under Kan. Stat. Ann. § 21-5705(a) should be overturned because she believed they possessed incense, not marijuana. *Rizal*, 445 P.3d at 739. The Kansas Supreme Court held that to be convicted, the prosecution must show that the defendant "either knew the identity of the substance or knew that the substance was controlled." *Id.* at 741. The court concluded that because there was sufficient evidence for the jury to conclude that the defendant knowingly possessed a controlled substance, the conviction was upheld. *Id.* at 742. In the report and recommendation, the magistrate judge reasoned that based upon this holding, it was "implicit in [the court's] statement that the prosecution is required to prove a specific substance at trial, not just a generic 'controlled

22

substance.' " Docket 61 at 39. Morales objects and argues that *Rizal* is not controlling because it "explicitly left open the possibility that the defendant did not know the identity of the particular substance involved in the case." Docket 67 at 6. Instead, Morales asserts that "[u]nder *Rizal*, it is enough that the defendant knew that the substance was controlled." *Id.*

The report and recommendation also cited *Rincon v. Garland*, 70 F.4th 1080 (8th Cir. 2023). Docket 61 at 40-41. In *Rincon*, the Eighth Circuit analyzed whether Kan. Stat. Ann. § 21-5706[11]—the newly-enacted corollary to the former § 65-4162—was divisible. *Rincon*, 70 F.4th at 1083-86. The Eighth Circuit held that § 21-5706(a) was divisible "[b]ecause the identity of the controlled substance is an element" of the statute. *Id.* at 1086. The Eighth Circuit cited favorably to *Thompson*, where the Kansas Supreme Court explained that "each drug in § 21-5706(a) establishes a separate 'unit of prosecution,' meaning that a person who possesses a package of cocaine and a package of methamphetamine at the same time may be prosecuted for two separate offenses." *Id.* at 1084. Because a defendant cannot be convicted "for two offenses with identical elements arising from the same facts," *id.*, the Eighth Circuit concluded that where "the only differentiating element is the

---

[11] Section 21-5706(a) prohibits the possession of "any opiates, opium, or narcotic drugs, or any stimulant." Kan. Stat. Ann. § 21-5706. Section 21-5706(b), similar to § 65-4162(a), prohibits the possession of certain controlled substances, including "any depressant," "any stimulant," "any hallucinogenic drug," "any substance designated in K.S.A. 65-4105(g)," and "any anabolic steroids." Kan. Stat. Ann. § 21-5706(b).

type of drug, the Kansas court has 'implicitly told us that the identity of the substance possessed is an element' of the offense." *Id.* at 1085 (quoting *Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174, 1182 (11th Cir. 2018)).

Morales asserts that *Rincon* is not persuasive because the Eighth Circuit addressed a different statute. Docket 67 at 7. Specifically, Morales argues that where § 65-4162(a) imposed the same penalty for possession of any of the listed controlled substances, § 21-5706 imposes a different penalty for possession of some controlled substances, specifically marijuana and tetrahydrocannabinols. Docket 67 at 8 (comparing Kan. Stat. Ann. § 65-4162(a) with Kan. Stat. Ann. § 21-5706(c)(2)). Morales argues that because "some substances carry different penalties under § 21-5706 overall[,] [this] suggest[s] that the current Kansas drug schedules (and cases analyzing them) are not useful in determining the divisibility" of § 65-4162. *Id.*

Here, the court agrees with the magistrate judge's conclusion that the above cases support, but do not conclusively determine, that § 65-4162 is divisible. Docket 61 at 42. The approval of jury instructions in *Berberich* and *Lundquist* suggests that the jury must find the defendant possessed the specified drug, but the courts never explicitly required identification of the drug as an element of the offense. *See Berberich*, 811 P.2d at 1194; *Lundquist*, 55 P.3d at 931-32. While Morales points to *Stotts*'s language that a drug's identity is not an essential element of the charged crime, the court there also found that there was no clear error because the prosecution made clear at trial that the drug was marijuana. *See Stotts*, 2011 WL 6382737, at *9-10. Also, while

24

*Rizal* held that the prosecution could prove possession with intent to distribute by showing the defendant either knew the drug type or knew it was a controlled substance, it did not address the question of whether the jury must unanimously agree on a particular drug type. *Rizal*, 445 P.3d at 739-40. *Thompson*, *Housworth*, and *Graham* offer strong support that § 65-4162 is divisible because each suggests that possession of a different controlled substance constitutes a separate offense. *See Thompson*, 200 P.3d at 30 (stating, in dicta, that a defendant could be prosecuted for possessing different controlled substances under § 65-4160(a) if possession stemmed from a different impulse); *Housworth*, 2017 WL 2834502, at *14 (holding that a defendant can be prosecuted for each type of opiate the defendant possessed under § 21-5705); *Graham*, 2000 WL 36746390, at *2 (holding that § 65-4160 permits separate charges because "each drug represents a separate violation of the statute"). As Morales correctly points out, however, *Housworth* and *Graham* are unpublished decisions, *Thompson*'s relevant language is dicta, and none of the three cases dealt with § 65-4162. Docket 67 at 4-5. While the cases suggest a finding of divisibility, none directly answer the question of whether a drug's identity under § 65-4162 is an essential element the jury must unanimously agree upon.

The Eighth Circuit's recent decision in *Rincon* leads this court to conclude that a Kansas court would likely find § 65-4162 to be divisible. While the Eighth Circuit's analysis in *Rincon* focused on § 21-5706(a), not § 21-5706(b), the Eighth Circuit did note that "[e]ven as to § 21-5706(b) . . . [Kansas]

authorities have concluded that combining marijuana and THC in a single count impermissibly joins two separate offenses." *Rincon*, 70 F.4th at 1085; *see also State v. Franklin*, 2024 WL 3308183, at *4-6 (Kan. Ct. App. July 5, 2024) (holding that replacing marijuana with THC in a jury instruction was an unconstitutional constructive amendment because the identity of the drug is an element of the charged crime under § 21-5706(b)). Based upon the Eighth Circuit's reasoning in *Rincon*, "state law that allows separate convictions for the simultaneous possession of different drugs is 'persuasive evidence' that drug type is an element." *Rincon*, 70 F.4th at 1085 (quoting *Rendon v. Barr*, 952 F.3d 963, 969 (8th Cir. 2020)). Because Kansas courts would allow separate convictions for the simultaneous possession of different drug types, it seems likely that a Kansas court would hold that § 65-4162 is divisible. *See, e.g.*, *State v. McMannis*, 747 P.2d 1343, 1344-45 (Kan. Ct. App. 1987) (holding that because amphetamine and methamphetamine are "two different substances" under § 65-4107(d), the defendant could not be convicted of possessing amphetamine where evidence at trial only established that the defendant possessed methamphetamine); *State v. Roberts*, 2004 WL 2977486, at *1 (Kan. Ct. App. Dec. 23, 2004) (unpublished) (providing that defendant was charged with possession of marijuana and possession of cocaine, but was only found guilty of possessing marijuana).

### 3.    Morales's State Court Record

Morales last objects to the magistrate judge's finding that Morales's state court record suggests that § 65-4162(a) is divisible. Docket 67 at 8. Morales

argues that because § 65-4162(a)'s text suggests a finding of indivisibility, the magistrate judge should not have "peeked" at the state court record. *Id.* at 8-9. Morales also objects to the magistrate judge's consideration of Morales's written plea and journal entry in the Kansas records as impermissible under *Mathis*. Docket 67 at 10. In the alternative, Morales argues that even a "peek" at Morales's state court records suggests that § 65-4162(a) is indivisible because Morales's complaint/information lists "a controlled substance" and not "marijuana" as the controlling element. *Id.* at 9.

The court finds that because the statute's text and Kansas case law may indicate that § 65-4162 is divisible, but fails to provide a definite answer, it was proper for the magistrate judge to look at Morales's charging documents. *See Mathis*, 579 U.S. at 518 ("[I]f state law fails to provide clear answers, federal judges have another place to look: the record of a prior conviction itself."). Morales's state court records include the written plea and journal entry. *See Mathis*, 579 U.S. at 505-06 (providing that "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of"); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) (limiting records to include "terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant . . . or to some comparable judicial record of this information"). As such, the magistrate judge's consideration of Morales's written plea and the

journal entry, which states that he pleaded to "possession of marijuana after prior conviction," was permissible under *Mathis*. Docket 61 at 43.

In considering the record of the prior conviction, if the charging document lists "a single umbrella term," this "is as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt." *Mathis*, 579 U.S. at 519. "Conversely, an indictment and jury instruction could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." *Id.* Morales's complaint/information charged him with "intentionally possess[ing] a controlled substance, to wit: marijuana." Docket 49-1 at 2. Morales argues that the term "a controlled substance" constitutes a single umbrella term that demonstrates § 65-4162(a)'s indivisibility. Docket 67 at 9-10.

But the court agrees with the magistrate judge's conclusion that Morales's complaint/information suggests that the term "marijuana" and not "controlled substance" was controlling. *See Swaby v. Yates*, 847 F.3d 62, 68 (1st Cir. 2017) (finding that indictment's description of crime as possession of "a controlled substance, to wit, [m]arijuana" supported the court's finding that the statute was divisible); *Guevara-Solorzano v. Sessions*, 891 F.3d 125, 133 (4th Cir. 2018) (holding that indictment's charge of "possess[ing] with intent to sell a controlled substance, to wit, MARIJUANA" indicated that the drug's identity was an element of the crime). As such, the court rejects Morales's

argument that "[t]he reference to marijuana after 'to-wit' was merely an allegation of the brute facts supporting the offense." Docket 67 at 9. Similarly, the reference to marijuana, rather than controlled substance, in the written plea and journal entry supports a finding of divisibility because each document listed the drug type as the controlling element of Morales's offense.

Because it is likely that a Kansas court would find that the drug's identity is an element and Morales's state court record suggests that drug type is an element, the court concludes that § 65-4162 is divisible. Thus, Morales's objection is overruled.

### C.    Morales's Kansas Conviction Qualifies as a "Felony Drug Offense"

Because the court concludes that § 65-4162(a) is divisible, the modified categorical approach applies. If the modified categorical approach applies to a state statute, the court may look to "the indictment, jury instructions, or plea agreement and colloquy" to determine the defendant's specific conviction. *Maldonado*, 864 F.3d at 898 (quoting *Mathis*, 579 U.S. at 505). After reviewing Morales's complaint/information, the written plea, and the journal entry of judgment, the court concludes that Morales was convicted of possession of marijuana. Docket 49-1 at 2, 6, 10. Thus, Morales's 2003 Kansas conviction for possession of marijuana qualifies as a "felony drug offense" because the federal Controlled Substances Act also includes marijuana. *See* 21 U.S.C. § 812, Schedule I(c)(10).

Even if raising the categorical approach was not a novel argument at the time of Morales's sentencing, Morales's counsel was not ineffective because

raising a *Mathis* objection would have been futile. *Garrett v. United States*, 78 F.3d 1296, 1303 n.11 (8th Cir. 1996) ("Ineffective assistance should not be found under *Strickland* when counsel fails to perform those acts which clearly appear to be futile or fruitless."). Because Morales's Kansas conviction qualifies as a felony drug offense, the court agrees with the magistrate judge's conclusion that Morales's defense counsel was not constitutionally ineffective for failing to raise a *Mathis* objection at Morales's sentencing. Docket 61 at 43. Thus, Morales's objection is overruled.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Morales has made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issue raised in

his claim differently, or that a question raised by his claim deserves additional proceedings. Thus, a certificate of appealability is issued.

## CONCLUSION

The court rejects in part and adopts in part as modified the findings and recommendations of the magistrate judge. Therefore, it is

ORDERED that the report and recommendation of the magistrate judge (Docket 61) is rejected in part and adopted in part as modified and Morales's renewed motion to vacate, set aside, or correct sentence (Docket 48) is denied.

IT IS FURTHER ORDERED that the government's objection to the report and recommendation (Docket 66) is granted.

IT IS FURTHER ORDERED that Morales's objection to the report and recommendation (Docket 67) is denied.

IT IS FURTHER ORDERED that Morales is issued a certificate of appealability.

Dated December 23, 2024.

BY THE COURT:


/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE